UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD PACKER | ) | CASE NO. |
| 14808 James Ave. | ) | |
| Maple Heights, Ohio 44137 | ) | |
| | ) | |
| Plaintiff | ) | JUDGE |
| | ) | |
| v. | ) | |
| | ) | |
| TUCKER LANDSCAPING, INC. | ) | **COMPLAINT** |
| 986 Broadway Avenue | ) | |
| Bedford, OH  44146 | ) | |
| | ) | (**Jury Demand Endorsed Hereon**) |
| | ) | |

Now comes Plaintiff, Ronald Packer (hereinafter "Plaintiff"), by and through undersigned counsel and for his Complaint against Defendant, Tucker Landscaping, Inc. (hereinafter "Defendant") states and alleges the following:

## INTRODUCTION

1. Plaintiff brings this lawsuit against Defendant as a result of Defendant's failure to pay Plaintiff overtime compensation at the rate of one and one-half (1-1/2) times his regular rate of pay for all of the hours he worked over forty (40) hours each week, in violation of the Fair Labor Standards Act ("FLSA"), 29 USC §201-219 and ORC § 4111.01, *et seq.*

## JURISDICTION AND VENUE

2. This court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 USC §1331.

3.  This Court has supplemental jurisdiction over Plaintiff's claims under the statutes and common law of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4.  Venue lies in this court pursuant to 28 USC §1391(b) and Civil Rule 3 because a substantial portion of the events and/or omissions giving rise to Plaintiff's claims occurred in Cuyahoga County, Ohio which is within this District and Division.

## PARTIES

5.  At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Cuyahoga County, Ohio.

6.  At all times relevant herein, Plaintiff was an employee as defined by 29 USC §203(e) and ORC § 4111.01, *et seq*.

7.  At all times relevant herein, Defendant was an employer within the meaning of 29 USC §203(d) and/or 29 CFR §825.104(d).

8.  At all times relevant herein, Defendant was an enterprise within the meaning of 29 USC §203(r).

## FACTUAL ALLEGATIONS

### (Failure to Pay Overtime Compensation)

9.  Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

10. Plaintiff has been employed by Defendant as a "shop manager" from approximately January of 2019 to the present.

11. As an employee of Defendant, Plaintiff's job duties are those of a non-exempt employee.

12. Plaintiff's job duties and responsibilities include servicing equipment, ordering parts and snow plowing.

13. Plaintiff did not supervise employees, have the authority to hire, fire or promote employees, nor did he direct the work of two or more employees.

14. Plaintiff did not perform office work directly related to the management or general business operations of Defendant, nor did he exercise discretion and independent judgment with respect to matters of significance.

15. Plaintiff did not possess advanced knowledge in the field of science or learning acquired by a prolonged course of specialized intellectual instruction.

16. When he was initially hired, Plaintiff was paid an annual salary of approximately Thirty-Eight Thousand Dollars ($38,000.00).

17. Plaintiff has received increases in his salary over the past four (4) years and currently earns an annual salary of approximately Sixty-Four Thousand Dollars ($64,000.00).

18. Defendant does not use a timekeeping system to record Plaintiff's hours; however, Plaintiff has tracked all hours worked using the GPS system in the company vehicle he has been provided for work.

19. Since beginning work in January of 2019, Plaintiff has consistently worked in excess of forty (40) hours per week.

20. During the course of his employment, Plaintiff has requested overtime pay at the rate of time and a half for all hours he worked over forty (40) each week.

21. Defendant has refused Plaintiff's request stating that Plaintiff is not entitled to overtime compensation because he is paid a salary.

22. In October of 2022, Plaintiff sent a letter to Defendant through undersigned counsel, requesting payment of overtime wages in accordance with the FLSA and Ohio law.

23. Despite repeated requests, Defendant has not compensated Plaintiff for the overtime he has worked.

24. Defendant knowingly and willfully failed to pay Plaintiff overtime compensation for all of the hours he worked over forty (40) hours each week.

### COUNT ONE

### (Fair Labor Standards Act Violations)

25. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

26. Defendant failure to pay overtime compensation at the rate of one and one-half (1-1/2) times his regular rate of pay for all of the hours Plaintiff worked over forty (40) in a work week violated the FLSA, 29 USC §§201-219.

27. Defendant failure to keep accurate records of all of the hours worked for each work day and the total hours worked each work week by Plaintiff violated the FLSA, 29 CFR §516.2(a)(7).

28. By engaging in the above-mentioned activities, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

29. As a result of Defendant practices and policies, Plaintiff has been damaged in that he has not received overtime compensation due to him pursuant to the FLSA.

### COUNT TWO

### (Ohio Overtime Violations)

30. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

31. Plaintiff brings this claim for violations of the Ohio overtime compensation statute, O.R.C. § 4111.03.

32. At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

33. Defendant's failure to lawfully compensate overtime hours violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

34. Defendant is therefore "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s]" under Ohio law. O.R.C. § 4111.10.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

A. Award Plaintiff actual damages for unpaid overtime compensation;

B. Award Plaintiff liquidated damages equal in amount to the unpaid overtime compensation found due Plaintiff under the FLSA;

C. Award Plaintiff pre- and post-judgment interest at the statutory rate;

D. Award Plaintiff attorneys' fees, costs, and disbursements; and

E. Award Plaintiff further and additional relief as this Court deems just and proper.

Respectfully submitted,

_/s/ Kristen M. Kraus_
Kristen M. Kraus (#0073899)
Shmuel Kleinman (#0101330)
DWORKEN & BERNSTEIN CO., L.P.A.
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391 | (440) 352-3469 Fax
kmkraus@dworkenlaw.com

## **JURY DEMAND**

Now comes Plaintiff, by and through his counsel, and demands that this case be tried before a jury of the maximum number allowed by law.

                                                       */s/ Kristen M. Kraus*
                                                       Kristen M. Kraus (#0073899)